**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MURALIDHARAN KRISHNAN (MURALI), INDIRANGANDHI V. KENTHAPADI (INDU), § § § § § § § § § § § § § Plaintiff, v. JP MORGAN CHASE BANK, N.A., ET AL., Defendant. | CIVIL ACTION NO. 4:15-CV-00632 (Judge Clark/Judge Johnson) |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 11, 2017, the report of the Magistrate Judge (Dkt. #137) was entered containing proposed findings of fact and recommendations that Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion to Dismiss (the "Chase Motion") (Dkt. #118) be **GRANTED**; Defendants Barrett Daffin Frappier Turner & Engel, LLP ("BDFTE"), Greg Bertrand ("Bertrand"), Deac Caufield ("Caufield"), and Alison Grant's ("Grant") (collectively the "BDFTE Defendants") Motion to Dismiss (the "BDFTE Motion") (Dkt. #120) be **GRANTED**; *pro se* Plaintiffs Muralidharan Krishnan and Indiragandhi V. Kenthapadi's ("Plaintiffs") Motion for Partial Summary Judgment (Dkt. #124) be **DENIED**; and Defendant Chase's Motion to Strike Plaintiffs' Motion for Partial Summary Judgment (Dkt. #125) be **DENIED** as moot.

Plaintiffs filed objections to the report (Dkt. #140), to which Chase and the BDFTE Defendants filed responses (Dkts. #146 and #154, respectively), and Plaintiffs filed a reply (Dkt. #156). Plaintiffs also filed a "Request [for] Reconsideration [ ] Due to New Evidence" (Dkt. #142), to which Chase filed a response (Dkt. #148), and Plaintiffs filed a reply (Dkt. #158). Additionally, Plaintiffs filed a "Request to Review [ ] Entire Law Suit" (the "Request to Review") (Dkt. #144), to which Defendant Chase filed a response (Dkt. #150), and Plaintiffs filed a reply (Dkt. #160). Because the Request to Review is docketed as a motion, the court addresses it herein.

Having reviewed the report of the Magistrate Judge (Dkt. #137) and having considered Plaintiffs' timely filed objections, as well as Plaintiffs' Request for Reconsideration (collectively, the "Objections"), and the responses thereto, and conducted a *de novo* review, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The court hereby adopts the Magistrate Judge's report (Dkt. #137) as the findings and conclusions of the court.

## I. BACKGROUND

This two-year-old case involves Plaintiffs' attempts to avoid or delay foreclosure of property located at 8528 Maltby Court in Plano, Texas (the "Property"). *See* #Dkt. 117. On August 26, 2015, Plaintiffs filed their Original Petition and Application for Temporary Restraining Order and Temporary Injunction in the 416th Judicial District Court of Collin County, Texas. *See* Dkt. #3. Defendant Chase removed the action to this Court on September 16, 2015. *See* Dkt. #1. On February 16, 2016, Plaintiffs filed a First Amended Complaint (Dkt. #48). On March 2, 2016, the Court received notice that Plaintiffs had filed bankruptcy (*see* Dkt. #57), and on March 7, 2016, the Court stayed the case pending resolution of Plaintiffs' bankruptcy proceeding. *See* Dkt. #64. Plaintiffs' bankruptcy case was resolved, and the stay was lifted on June 7, 2017. *See* Dkt. #91.

Plaintiffs' Second Amended Complaint (the "Complaint"), filed on August 14, 2017 (Dkt. #117), is the operative Complaint in this action.

## II. DISCUSSION

As an initial matter, the court finds Plaintiffs' Objections to be conclusory and without merit, as Plaintiffs fail to specifically identify the findings to which they object. "Parties filing objections must specifically identify those findings [to which they object.] Frivolous, conclusive or general objections need not be considered by the district court." *Infante v. Samara Portfolio Management, LLC*, 2017 WL 1113322 at * (E.D.Tex. 2017) (citing *Nettles v. Wainright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Instead, Plaintiffs appear to argue that "new evidence" establishes their claims and, therefore, the motions to dismiss should not be granted. Among other things, Plaintiffs' "new evidence" includes a deposition transcript of Defendant Chase's corporate representative, Michael McCormick ("McCormick"), in an unrelated case[1] (Dkt. #140-3); various website excerpts about the banking industry (Dkts. #140-2 and #140-4); a copy of an article concerning the "2008 mortgage crisis" (Dkt. #140-6); and a 2011 newspaper article reporting on an unrelated trial presided over by the undersigned (Dkt. #140-7).

Objections to a report and recommendation are not the proper vehicle for allowing parties to raise at the district court new evidence, argument, and issues that were not presented to the magistrate judge. *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Furthermore, even were the court to consider Plaintiffs' "new evidence," nothing contained therein raises any viable legal argument or points to any error by the Magistrate Judge. As detailed in the Magistrate Judge's

---

[1] Plaintiffs appear to argue that the McCormick deposition somehow disputes the McCormick affidavit submitted as evidence by Defendant Chase in opposition to Plaintiffs' Motion for Partial Judgment. *See* Dkt. #131-1. Plaintiffs' challenges to the McCormick affidavit are unavailing. As the report explains, the Magistrate Judge based her conclusion that Plaintiffs' Motion for Partial Judgment should be denied on the finding that Plaintiffs did not offer any proper summary-judgment evidence, and thus, did not meet their burden to establish a genuine dispute of material fact or that they are entitled to judgment as a matter of law. *See* Dkt. #137 at 14.

3

report, Plaintiffs' conclusory and vague allegations of fraud are insufficient to survive a motion to dismiss. In particular, Plaintiffs' complaints involving "fraudulent activity" by Defendant Chase and challenging the validity of appointments of certain Chase representatives as substitute trustees have no legal basis. Plaintiffs' discrimination and negative credit reporting claims are likewise deficient. Plaintiffs cited no case law, statute, or other legal authority supporting their private right of action to file a discrimination claim in this context. As for Plaintiffs' negative credit reporting claim, the court finds no error in the Magistrate Judge's finding that this claim should be dismissed because Plaintiffs make only bare allegations and have thus failed to plead a legally cognizable claim.

The court also finds no error in the Magistrate Judge's findings regarding Chase's standing to foreclose. As noted in the report, it is well-established Fifth Circuit law that standing to foreclose can be established based solely on assignments of the deed of trust, without a showing of the note. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). The assignments attached to the Complaint demonstrate that Chase is the last assignee of record of the Deed of Trust. *See* Dkt. #117-1. As a result, Chase has standing to foreclose as a matter of law, and nothing about the "new evidence" submitted by Plaintiffs requires a different conclusion.

Regarding Plaintiffs' Motion for Partial Summary Judgment (Dkt. #124), based on Plaintiffs' failure to offer any proper summary judgment evidence whatsoever, the court finds no error in the Magistrate Judge's conclusion that Plaintiffs' Motion for Partial Summary Judgment (Dkt. #124) should be denied.

Finally, the court has considered Plaintiffs' Request to Review (Dkt. #144). Plaintiffs have failed to provide any legal authority for such a review other than the alleged "new evidence"

discussed above and disregarded in the court's consideration of Plaintiffs' Objections. As explained, nothing about that "evidence" is persuasive, and there is no legal basis for such a review.

### III.  CONCLUSION

Accordingly, it is **ORDERED** that Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss for Failure to State a Claim (Dkt. #118) is **GRANTED**; Defendants Barrett Daffin Frappier Turner & Engel, LLP, Greg Bertrand, Deac Caufield, and Alison Grant's Motion to Dismiss (Dkt. #120) is **GRANTED**; Plaintiffs' Motion for Partial Summary Judgment (Dkt. #124) is **DENIED**; and Chase's Motion to Strike Plaintiffs' Motion for Partial Summary Judgment (Dkt. #125) is **DENIED** as moot. Additionally, Plaintiffs' "Request to Review [ ] Entire Law Suit" (Dkt. #144) is **DENIED**.

**So Ordered and Signed**
**Dec 1, 2017**

_____
Ron Clark, United States District Judge