**\*\*NOT FOR PRINTED PUBLICATION\*\***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **MURALIDHARAN KRISHNAN (MURALI), INDIRANGANDHI V. KENTHAPADI (INDU),** | § § § § | **CIVIL ACTION NO. 4:15-CV-00632 (Judge Clark/Judge Johnson)** |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **JP MORGAN CHASE BANK, N.A., ET AL.,** | § § § | |
| **Defendant.** | § § | |

## ORDER ADOPTING REPORT AND
## <u>RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 11, 2017, the report of the Magistrate Judge (Dkt. #138) was entered containing proposed findings of fact and recommendations that *pro se* Plaintiffs Muralidharan Krishnan and Indiragandhi V. Kenthapadi's ("Plaintiffs") "Motion for Restraining/Injunctin [sic] Order Against Defendants" ("the "Motion for Injunction") (Dkt. #130) be **DENIED**.

Plaintiffs filed objections to the report (Dkt. #141), to which Defendant JPMorgan Chase Bank, N.A.'s ("Chase") and Defendants Barrett Daffin Frappier Turner & Engel, LLP ("BDFTE"), Greg Bertrand ("Bertrand"), Deac Caufield ("Caufield"), and Alison Grant's ("Grant") (collectively the "BDFTE Defendants") filed responses (Dkts. #147 and #155, respectively), and Plaintiffs filed a reply (Dkt. 157). Plaintiffs also filed a "Request [for] Reconsideration [ ] Due to New Evidence" (the "Request for Consideration") (Dkt. 143), to which Chase and the BDFTE

Defendants both filed responses (Dkts. #149 and #152, respectively), and Plaintiffs filed a reply (Dkt. 159).

Having reviewed the report of the Magistrate Judge (Dkt. #138) and having considered Plaintiffs' timely filed objections, as well as Plaintiffs' Request for Reconsideration (collectively, the "Objections"), and the responses thereto, and conducted a *de novo* review, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The court hereby adopts the Magistrate Judge's report (Dkt. #138) as the findings and conclusions of the court.

Under Rule 65 of the Federal Rules of Civil Procedure, every order granting an injunction and every restraining order must set forth the reasons for its issuance; state its terms specifically; and describe in reasonable detail the act or acts sought to be restrained. FED. R. CIV. P. 65(d). As detailed in the Magistrate Judge's report, Plaintiffs failed to establish any of the four requirements for seeking injunctive relief:

1) a substantial likelihood of success on the merits;

2) a substantial threat that plaintiff will suffer irreparable harm if the injunction is not granted;

3) the threatened injury outweighs any damage that the injunction might cause the defendant; and

4) the injunction will not disserve the public interest.

*Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The report clearly outlines the basis for the Magistrate Judge's findings, and the court finds no error in the Magistrate Judge's conclusion that

Plaintiffs failed to establish a likelihood of success on the merits, or to establish any of the other elements required for injunctive relief.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Injunction (Dkt. #130) is **DENIED**.

**So Ordered and Signed**
**Dec 1, 2017**

_____
Ron Clark, United States District Judge