# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **MURALIDHARAN KRISHNAN** and **INDIRAGANDHI KENTHAPADI,** | § § § | |
| **Plaintiffs,** | § § § | |
| v. | § § | Case No. 4:15-cv-00632-RC-KPJ |
| **JP MORGAN CHASE BANK, N.A.,** *et al.*, | § § § | |
| **Defendants.** | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. Before the court is Plaintiffs Muralidharan Krishnan and Indiragandhi Kenthapadi's (together, "Plaintiffs") Motion for Rule 60 Relief ("Rule 60 Motion") (Dkt. #170). Defendant JP Morgan Chase Bank, N.A. ("Chase") filed a response (Dkt. #175), Defendant Barrett Daffin Frappier Truner & Engel, LLP, Grep Bertrand, Deac Caufield, and Alison Grant (together, the "DTFTE Defendants") filed a response (Dkt. #181), and Plaintiffs filed a reply (Dkt. #184).

On December 18, 2018, the Magistrate Judge entered the Order and Report and Recommendation (the "Report") (Dkt. #188), which recommended Plaintiffs' Rule 60 Motion (Dkt. #170) be denied. Plaintiffs filed objections to the Report (the "Objections") (Dkt. #192). The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to

the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Also pending before the Court are Plaintiffs' Motions for Referral to the United States Attorney's Office ("Motion for Referral") (Dkt. #172) and Plaintiffs' Motion for Judicial Transcripts in Other Case ("Motion for Transcripts") (Dkt. #173). In the Report, the Magistrate Judge denied the Motion for Referral and the Motion for Transcripts (Dkt. #188).

The Court has reviewed the Magistrate Judge's Order on the Motion for Referral (Dkt. #172) and Motion for Transcripts (Dkt. #173) and is of the opinion that the Order is not clearly erroneous and will therefore not be set aside. *See D2L Ltd. v. Armstrong*, 2013 WL 12184297, at *1 (E.D. Tex. June 24, 2013) ("The Court may modify or set aside a Magistrate Judge's order only if it is clearly erroneous or contrary to law.").

Finally, pending before the Court is Plaintiffs' Motion for Rule 11 Sanctions against Defendants, Counsel, and Law Firms (Dkt. #191) and Motion for Rule 11 Sanctions against Treyson Brooks (Dkt. #193) (together, the "Rule 11 Motions").[1] The BDFTE Defendants filed a response (Dkt. #194), Chase filed responses (Dkts. #197, #198), Plaintiffs filed a reply (Dkt. #199), and the BDFTE Defendants filed a sur-reply (Dkt. #200). For the reasons set forth below, Plaintiffs' Rule 11 Motions are hereby **DENIED**.

I.  **BACKGROUND**

Plaintiffs filed suit to avoid or delay foreclosure of the property located at 8528 Maltby Court in Plano, Texas (the "Property"). *See* Dkt. #117. On August 26, 2015, Plaintiffs filed their Original Petition and Application for Temporary Restraining Order and Temporary Injunction

---

[1] In the Report (Dkt. #188), the Magistrate Judge addressed the basis for Plaintiffs' Notice of Service of Rule 11 Sanctions (Dkts. #171, #179), prior to Plaintiffs' filing of the pending Motions for Sanctions (Dkts. #191, #193).

2

in the 416th Judicial District Court of Collin County, Texas. *See* Dkt. #3. Chase removed the action to this Court on September 16, 2015. Dkt. #1. On February 16, 2016, Plaintiffs filed a First Amended Complaint (Dkt. #48). On March 2, 2016, the Court received notice that Plaintiffs had filed bankruptcy (*see* Dkt. #57), and on March 7, 2016, the Court stayed the case pending resolution of Plaintiffs' bankruptcy proceeding. *See* Dkt. #64. Plaintiffs' bankruptcy case was resolved, and the stay was lifted on June 7, 2017. *See* Dkt. #91. After the stay was lifted, Defendants filed motions to dismiss (Dkts. #92, #94). On August 14, 2017, Plaintiffs filed the Second Amended Complaint (the "Complaint") (Dkt. #117), which is the operative Complaint in this action. As such, the Court denied the previous motions to dismiss as moot. *See* Dkt. #119.

Chase subsequently filed a Motion to Dismiss (Dkt. #118), which was granted on December 1, 2017. *See* Dkt. #163. Defendants Barrett Daffin Frappier Turner & Engel, LLP, Greg Bertrand, Deac Caufield, and Alison Grant (collectively, the "BDFTE Defendants") filed a Motion to Dismiss (Dkt. #120), which was granted on December 1, 2017.[2] *See* Dkt. #163. Plaintiffs filed a Motion for Partial Summary Judgment (Dkt. #124) which was denied. *See* Dkt. #163.

Plaintiffs appealed the final judgment to the Fifth Circuit. *See* Dkt. #167. On April 2, 2019, the Fifth Circuit affirmed the District Court's ruling and ordered Plaintiffs to pay to Defendants the costs on appeal. *See Krishnan v. JP Morgan Chase Bank, N.A., et al.*, 17-41286, Dkts. #00514897920, #00514897889 (unpublished).

---

[2] Where appropriate, the Court will refer collectively to all named defendants as "Defendants."

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a court, "on motion and just terms . . . may relieve a party from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party [or if] the judgment is void." FED. R. CIV. P. 60(b)(3)–(4). To prevail on a motion to set aside judgment, a party must show "good cause." *Meaux Servs., Inc. v. Dao*, 160 F.R.D. 563, 564 (E.D. Tex. 1995). "A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005)

## III. DISCUSSION

As the Court and the Magistrate Judge have previously noted, Plaintiffs' filings are vague, convoluted, and confusing, making it difficult for the Court to discern Plaintiffs' arguments. Additionally, Plaintiffs do not limit the subject of each filing to a single topic or motion; to the contrary, Plaintiffs' pending motions re-urge issues previously raised in their Rule 60 Motion. *See* Dkts. #171, #179, #185, #189, #191, #193, #197–99. The Court has reviewed Plaintiffs' *pro se* pleadings, attachments, and the docket in detail and addresses Plaintiffs' objections below.

**A. OBJECTIONS TO THE REPORT AND RECOMMENDATION (DKT. #192)**

**Objection One**

Plaintiffs argue that the Magistrate Judge erred in recommending Plaintiffs' Rule 60 Motion be denied. *See* Dkt. #96. Many of Plaintiffs' objections are related and arise out of the same underlying premise: Plaintiffs allege fraud occurred because Chase employees Bubba Fangman ("Fangman") and Myrtle Cox ("Cox") signed in the capacity of "vice presidents" of

Chase, but, on a day-to-day basis during their employment with Chase, they held other job titles. *See* Dkt. #170 at 3; *see also* Dkt. #192. Because the documents Fangman and Cox signed were considered by former Magistrate Judge Don Bush prior to entry of the earlier report and recommendation (Dkt. #138), Plaintiffs allege that all attorneys representing Defendants, Defendants themselves, and Judge Bush, as well as some other individuals who work with Defendants' attorneys, committed fraud, which requires that the final judgment be set aside. *See id.*; *see also* Dkts. #171, #179. Plaintiffs further pursue sanctions motions against several of these individuals. *See* Dkts. #191, #193.

The Court finds no error in the Magistrate Judge's recommendation that the Rule 60 Motion should be denied, as the "new evidence" Plaintiffs presented is neither new nor alters the outcome of their case. *See* Dkt. #188; *see also Hesling*, 396 F.3d at 639.

**Objection Two**

Plaintiffs repeatedly address their contention that Fangman and Cox are not vice presidents of Chase, and therefore, Plaintiffs allege that Chase committed fraud in all subsequent dealings. *See, for example,* Dkt. #192 at 5–8. Not so. In *Nobles v. Marcus*, the Texas Supreme Court clarified that a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void. *Nobles v. Marcus*, 533 S.W.2d 923 (Tex. 1976). Rather, the contract is voidable at the election of the defrauded principal—here, Chase. *Id.* at 926. "Texas law is settled that the obligors of a claim may not defend against an assignee's effort to enforce the obligation on any ground which renders the assignment voidable only." *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 226 (5th Cir. 2013) (quoting *Tr-Cities Const., Inc. v. Am. Nat. Ins. Co.*, 523 S.W.2d 426, 430 (Tex. App.—Houston [1st Dist.] 1975) (internal punctuation omitted));

*Lassberg v. Bank of America, N.A.*, 660 F. App'x 262, 268 (5th Cir. 2016). In other words, even if the Court accepted Plaintiffs' contention that Fangman and Cox were not authorized vice presidents of Chase as true, Plaintiffs would still lack a valid basis to challenge the assignments or substitute trustees on this ground. Rather, if Plaintiffs' assertions were true, *Chase* would have the right to pursue a cause of action, not Plaintiffs. *See also* Dkt. #169 at 14–22 (Transcript of February 24, 2016, hearing in front of Judge Bush, in which Judge Bush explains to Plaintiffs that even if there was something improper about Fangman or Cox's appointments, "[Plaintiffs] don't have standing to challenge these peoples' signatures. Only JPMorgan, if there was some kind of fraud involved[.]")

Plaintiffs' assertions that the signatures of Fangman and Cox are in some manner fraudulent is not supported by the record. Chase served incumbency certificates for Fangman and Cox as part of its initial disclosures, which demonstrate that Fangman and Cox were authorized to sign appointments on behalf of Chase. *See* Dkt. #40 at 2; Dkt. #40-1 at 1–2. Plaintiffs' own investigators confirmed the employment of both Fangman and Cox by Chase. *See* Dkt. #170-2 at 9, 14.

Because Plaintiffs' assertions, even if accepted as true, would not change the outcome of the case, the Court **DENIES** Plaintiffs' Rule 60 Motion on this ground.

**Objection Three**

Plaintiffs argue that pursuant to the "fraud vitiates everything" maxim, all claims and defenses of Defendants are invalidated. *See* Dkt. #192 at 1–2. Specifically, Plaintiffs argue that the Report ignores the "monumental/enormous FRAUD/CRIME" of Defendants. *See id*. at 2. Indeed, Plaintiffs accuse the Court of "just trying to protect those who committed this

CRIME[.]" *Id.* Additionally, Plaintiffs argue that because of the alleged fraud, the Court should either hold a hearing or reopen this case altogether. *See* Dkt. #192 at 1–2, 5–6.

To establish fraud under Texas law, Plaintiffs must show: (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made the speaker knew it was false or made the representation recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party suffered injury as a result. *See Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009).

Plaintiffs have not demonstrated fraud. As described above, Plaintiffs put forth no evidence that the individuals who signed Plaintiffs' deeds of trust and contracts were not authorized by Chase to do so. Plaintiffs submitted multiple deeds of trust in this case, which were assigned to Chase and recorded in the real property records of Collin County, Texas. *See* Dkt. #117-1 at 143–46. Plaintiffs attached a February 2014, notice of acceleration by Chase. Dkt. #117-1 at 7. Plaintiffs also included voluminous materials regarding the alleged fraud, none of which demonstrate that Chase did not authorize Fangman and Cox to sign on its behalf. *See generally* Dkt. #170-1–6. To the contrary, Chase filed the incumbency certificates for these individuals, which establish that Fangman and Cox were in fact authorized by Chase to sign the appointments on behalf of Chase. *See* Dkt. #4 at 2; Dkt. #40-1. In point of fact, Plaintiffs' own investigators confirmed that those employees who signed on behalf of Chase were employed by Chase. *See* Dkt. #170-2 at 9, 14.

Additionally, even if the Court were to accept Plaintiffs' allegations that Fangman and Cox did not have the capacity to assign substitute trustees, Plaintiffs suffered no injury. *See*

7

*Reinagel*, 735 F.3d at 226–27. The relationship that these individuals held with Chase is not material to Plaintiffs' relationship with Chase or Plaintiffs' duties and obligations under the deed of trust. *See* Dkt. #117-1 at 143–46; *see also* Dkt. #169.

Accordingly, the Court **OVERRULES** Plaintiffs' objections based on allegations of fraud.

**Objection Four**

Plaintiffs assert that the Rule 60 Motion should be granted because new evidence was uncovered. Plaintiffs have not established that new evidence has been uncovered.

Plaintiffs previously asserted that the assignment of substitute trustees was improper when the Court considered the prior motions to dismiss. *See* Dkts. #121, #124, #126, #137. All attachments and arguments put forth in the Rule 60 Motion are consistent with or duplicative of Plaintiffs' previous filings. *See* Dkts. #137, #138 (the Magistrate Judge's reports and recommendations, which address Plaintiffs' standing to challenge the appointment of substitute trustees).

For example, Plaintiffs attach materials which they assert prove neither Fangman nor Cox was employed as a vice president of Chase. As addressed above, Plaintiffs lack standing to challenge the capacity of Fangman or Cox in this instance. *See Reinagel*, 735 F.3d at 226. Further, Plaintiffs attach more than forty pages from Chase employees' personal Facebook and LinkedIn webpages, including family photos and comments/posts by family and friends unrelated to their employment with Chase. *See* Dkt. #170-3 at 22–37; Dkt. #170-4 at 1–19, 21–24, 35–37. Plaintiffs assert in their objections that these attachments are evidence of fraud, because an individual who may or may not have worked for Chase, Lynda Denise Marshall ("Marshall"), is allegedly shown to have worked for Chase for five or more years. *See* Dkt.

#192 at 5. Even if Plaintiffs establish that Marshall failed to apprise them of her employment history, Plaintiffs do not connect this alleged fraud to their case. Nor do Plaintiffs provide legal grounds establishing how Marshall's job history affects the outcome of Defendants' motions to dismiss or why the Court would have reached a different outcome.

Accordingly, all objections premised on the alleged new evidence are **OVERRULED**.

### B. OBJECTIONS TO MAGISTRATE JUDGE'S ORDER (DKT. #192)

Plaintiffs object to the Magistrate Judge's ruling on two non-dispositive motions. *See* Dkt. #192. The Magistrate Judge's ruling on these motions is reviewed under the "clearly erroneous" standard. *See Castillo v. Frank*, 20 F.3d 382, 385 (5th Cir. 1995).

**Objection to Ruling on Motion for Referral**

Plaintiffs object to the Magistrate Judge's denial of Plaintiffs' Motion for Referral. *See* Dkt. #192 at 8; Dkt. #172. Plaintiffs are entitled to object to the Magistrate Judge's order pursuant to Federal Rule of Civil Procedure 72(a).

The prosecution of criminal actions in federal court is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys. While courts have the authority to initiate a prosecution for criminal contempt, no contempt has occurred. *See Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 801 (1987). Upon review, and for the reasons stated above, the Court finds no error in the Magistrate Judge's determination. This objection is **OVERRULED**.

**Objection to Ruling on Motion for Transcripts**

The Magistrate Judge denied Plaintiffs' Motion for Transcripts (Dkt. #173). *See* Dkt. #188 at 8. The Court refers Plaintiffs to the local rules for the Eastern District of Texas for further instructions on how to request and purchase records. Further, this Court will not

entertain motions in this case on matters not pending before the Court. *See* Dkt. #173 at 1–2. This objection is **OVERRULED**.

### C.  MOTIONS FOR RULE 11 SANCTIONS (DKTS. #191, #193)

Plaintiffs filed two notices of sanctions (Dkts. #171, #179) and two Rule 11 Motions (Dkts. #191, #193). The Magistrate Judge addressed Plaintiffs' notices of sanctions (Dkts. #171, #179) in the Order and Report and Recommendation. *See* Dkt. #188. Federal Rule of Civil Procedure 11 generally prohibits parties and attorneys from filing or making deliberately false pleadings or arguments to a Court. FED. R. CIV. P. 11. Rule 11 allows courts to impose "an appropriate sanction on any attorney, law firm, or party" whose submission to the court of any pleading, motion, or other paper violates Rule 11(b)'s requirements. FED. R. CIV. P. 11(c)(1). Rule 11 sanctions are only appropriate where they lack evidentiary support. *See Isbell v. DM Records, Inc.*, 2011 WL 1299611 (E.D. Tex. Mar. 31, 2011).

In the Rule 11 Motions, Plaintiffs requested sanctions be entered against the following individuals: (1) William Lewis of Quilling, Selander, Lownds, Winslett & Moser, P.C. ("QSLWM"); (2) Marcie Schout of QSLWM; (3) Robert Maris of Maris & Lanier P.C.; (4) Alise Abel of Maris & Lanier P.C.; (5) Robert Davis of Mathews Schiels Knott Eden Davis Beanland, L.L.P. ("MSKEDB"); (6) CT Corporation System, as registered agent for Chase; (7) the unnamed "Regd. Agent Auth. Officer" for Barrett Daffin Frappier [Turner &] Engle LLP ("BDFTE"); (8) the unnamed "Regd. Agent Auth. Officer" for MSKEBD; (9) Michael Quilling of QSLWM; (10) Deac Caufield; (11) Greg Bertrand; (12) Alison Grant; (13) Troy Phillips of Glast, Phillips & Murray P.C.; and (14) Treyson Brooks. *See* Dkt. #191-1 at 53–54 (summarizing Plaintiffs' motions); #193. The Rule 11 Motions were form motions, reciting the same brief factual allegations for all individuals, and including a "check the box" template to

identify whether the named individuals were counsel, parties, etc. *See* Dkt. #191-1 at 1–52. Defendants filed responses (Dkts. #176, #182, #195, #196), Plaintiffs filed replies (Dkts. #185, #189, #197, #198, #199), and BDFTE filed a sur-reply (Dkt. #200).

Each of the individual motions for sanctions is formulaic and identical. *See* Dkt. #191-1 at 1–52. These motions allege that "the evidence . . . clearly shows the corroboration (sic) of all the parties involved along with new corroborators (sic) Alley Hussain Zaid and his brother Syed Alley Hussain (Hassan) Zaidi[.]"[3] *See, for example*, #191-1 at 2. These motions do not individually allege what actions, if any, the named individuals took which would qualify them for sanctions under Rule 11. *See, for example,* Dkt. #191-1 at 2. Indeed, at least one individual, Troy Phillips, has no relation to this case whatsoever.[4] *See id.* Of those remaining, the majority of sanctions are sought against current or former Chase employees or counsel. *See* Dkts. #191, #193; *see also* Dkt. #194 at 2 (discussing Robert Maris and Alise Abel); Dkt. #195 (discussing those employed by Chase).

As addressed above, Plaintiffs fail to establish that any pleadings lack evidentiary support. Plaintiffs' allegations regarding Fangman, Cox, and Marshall are unsupported by the extensive record in this case. Plaintiffs do not establish that any party or counsel acted improperly in any filing before the Court. As such, Plaintiffs' Rule 11 Motions are without merit.

In essence, Plaintiffs use the Rule 11 Motions, and the subsequent briefing, as a vehicle to re-urge those issues already addressed in their Rule 60 Motion and their Fifth Circuit appeal.

---

[3] Neither Alley Husain Zaid nor Syed Alley Hussain (Hassan) Zaidi are parties to this lawsuit.
[4] Plaintiffs argue that Troy Phillips should receive sanctions "for employing [Robert] Maris despite the warning shot/letter sent to him/their law firm. Phillips should have fired or discontinued the relationship with Maris so that he can absolve (sic) of his involvement in this fraud/scheme." Dkt. #200 at 1.

This is an improper use of Rule 11. Accordingly, the Court hereby **DENIES** the Rule 11 Motions (Dkts. #191, #193).

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court hereby adopts the recommendations of the Magistrate Judge. Plaintiffs' Objections to the Report are **OVERRULED** and the Motion for Rule 60 Relief (Dkt. #170) is hereby **DENIED**.

Upon review, Plaintiffs' Objections to the Magistrate Judge's Order (Dkt. #188) are hereby **OVERRULED**. The Court finds Plaintiffs' Objections regarding Plaintiffs' Motion for Judicial Records/Transcripts of Related Cases (Dkt. #173) and Plaintiffs' Motion for United States Attorney's Office Referral (Dkt. #172) are without merit.

Additionally, the Court hereby **DENIES** all pending post-judgment Motions for Rule 11 Sanctions (Dkts. #191, #193).

Plaintiffs are further **WARNED** that any further post-judgment filings in this case presenting the same or substantially-similar arguments may give rise to sanctions under Rule 11 for filing an improper pleading. Such sanctions may include, but not be limited to, a monetary sanction.

The parties are warned that future filings in this matter are prohibited without leave of Court. Plaintiff shall be required to obtain leave of Court from the Chief Judge of the Eastern District of Texas when making any future filings in this case. The Clerk of Court is hereby directed to reject all future filings in this case absent acceptance of the Chief Judge of the Eastern District of Texas.

**So Ordered and Signed**
**May 30, 2019**

_____
Ron Clark, Senior District Judge